UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KATRINA DANBAR,

    Plaintiff,

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

    Defendant.
_____/

Case No.:   6:16-cv-1942-Orl-18-DCI

**COMPLAINT**
**JURY DEMAND**

Plaintiff, Katrina Danbar, alleges violations of the Florida Consumer Collection Practices Act, §559 *et seq.* ("FCCPA"); the Fair Debt Collection Practice Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"); and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA") against Defendant.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction under 28 U.S.C. §1331 as this action arises under a federal statute. *See Mims v. Arrow Financial Services, LLC.,* 132 S. Ct. 740, 565 U.S., 181 L. Ed. 2d 881 (2012). Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

2. Venue in this District is proper because Plaintiff resides here, Defendant placed telephone calls into this District, and the acts or omissions giving rise to the claims asserted herein occurred here.

1

## PARTIES

3. Plaintiff, Katrina Danbar (hereinafter, "Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Lake County, Florida.

4. At all time relevant to this action, Plaintiff was the regular user and carrier of the cellular telephone number or numbers at issue.

5. At all times relevant to this action, Plaintiff was the "called party" and recipient of the Defendant's hereinafter described calls. *See Soppet v. Enhanced Recovery Co., LLC*, 670 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012); *see also Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

6. At all times relevant to this action, Plaintiff was a "consumer" and/or "debtor" as defined by the FDCPA and FCCPA.

7. The debt that is the subject matter of this complaint is a "consumer debt" as defined by the FDCPA and FCCPA.

8. Defendant, Portfolio Recovery Associates, LLC (hereinafter, "Defendant"), is a foreign corporation whose principal office is located at 120 Corporate Blvd., Norfolk, VA 23502 and whose registered agent for service of process in the state of Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

9. Defendant is licensed in the State of Florida as a consumer collection agency, and at all times relevant herein, was a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

10. At all times relevant to this action, Defendant is a "creditor" and/or "person" as defined by the FDCPA and FCCPA.

**FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFF**

11. Defendant attempted to collect an alleged debt arising from transactions primarily incurred for personal, family or household purposes from Plaintiff. Specifically, Defendant attempted to collect an alleged debt from Plaintiff concerning a consumer account.

12. As described herein, Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling Plaintiffs' cellular telephone several times per day and on back-to-back days, with such frequency as can reasonably be expected to harass, in an effort to collect a consumer debt.

13. Plaintiff received between one to five calls per day to her cellular telephone from Defendant in an effort to collect the alleged consumer debt at issue.

14. Upon answering many of these calls, Plaintiff was greeted either by an automated machine-operated voice message or a noticeable period of "dead air" while the caller's telephone system attempted to connect to a live telephone employee.

15. Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention, which the FCC has opined is the hallmark of an automatic telephone dialing system. See *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008, 23 F.C.C.R. 559, 565-66 (2008);* see also *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C.R. 14014, 14091-92 (2003).*

16. In order to attempt to end the continued harassing calls from Defendant, Plaintiff went as far as changing her cellular telephone number on several occasions.

17. Defendant used a process called "skip-tracing" to obtain Plaintiff's new cellular telephone numbers.

18. Each and every call subsequent to Plaintiff changing her cellular telephone number that Defendant to Plaintiff made was done so without the "express consent" of Plaintiff.

19. Each and every call subsequent to Plaintiff changing her cellular telephone number that Defendant made to Plaintiff was knowing and willful.

20. Plaintiff's damages were caused by and directly related to Defendant's attempts to collect a consumer debt by using an automatic telephone dialing system or predictive dialer to call Plaintiff's cellular telephone.

21. From each and every call placed by Defendant without express consent to Plaintiff's cellular telephone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

22. From each and every call without express consent placed by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant's call.

23. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time.

24. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone was an injury in the form of a nuisance and annoyance to the Plaintiff.

25. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

26. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

27. Plaintiff was also affect in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation.

28. Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff without express consent by "skip-tracing" their cellular telephone numbers.

29. Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

30. Defendant has recently settled a class action lawsuit for the aforementioned described behavior.

31. None of Defendant's telephone calls placed to Plaintiff's cellular telephone were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(a).

## COUNT I
### (Violation of the FCCPA)

32. Plaintiff incorporates Paragraphs 1 through 31 herein.

33. At all times relevant to this action, Defendant is subject to and must abide by the law of Florida, including Florida Statute §559.72 *et seq*.

34. Defendant engaged in an act or omission prohibited under Florida Statute §559.72(7), by willfully engaging in conduct, which can reasonably be expected to harass or abuse the Plaintiff.

35. Specifically, Defendant willfully called Plaintiff several times a day and on back-to-back days in an effort to collect a consumer debt.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for statutory damages; actual damages; punitive damages; attorney's fees, litigation expenses and costs of suit; and such other relief as the Court deems proper.

## COUNT II
### (Violation of the FDCPA)

36. Plaintiff incorporates Paragraphs 1 through 31 herein.

37. Plaintiff has been the subject of collection activity by Defendant arising from an alleged consumer debt.

38. Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692d by engaging in conduct in connection with the collection of a debt, the natural consequence of which is to harass, oppress, or abuse Plaintiff.

39. Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692d(5) by causing Plaintiffs' telephone to ring or engaging Plaintiff in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff at the called number.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant for statutory damages, actual damages, an injunction from similar conduct in the future, attorney's fees, costs, interest and such other relief as the Court deems proper.

## COUNT III
### (Violation of the TCPA)

40. Plaintiff incorporates Paragraphs 1 through 31 herein.

41. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial

voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

42.     Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff changed her telephone number.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for $500.00 dollars in statutory damages for each violation of the TCPA over the last four years, $1,500.00 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years, a declaration that Defendant's calls violate the TCPA, a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre- recorded or artificial voice, litigation expenses and costs of the instant lawsuit, and such other relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By: /s/ *Christopher Legg*
Christopher Legg, Esq.
Florida Bar No. 44460

BUCHWALD LEGG, PLLC
3837 Hollywood Blvd., Ste. B
Hollywood, FL 33021
Telephone: 954-962-2333
Chris@theconsumerlawyers.com
*Attorney for Plaintiff*